# Exhibit A

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Mailed:  April 17, 2012

Opposition Nos. 91203846 (parent)
                91203866
                91203868
                91203873
                91203891
                91203907

Edible Arrangements, LLC

    v.

1-800-FLOWERS.COM, INC.

Robert H. Coggins,
Interlocutory Attorney:

    On March 27, 2012, applicant filed (in each proceeding)
a combined motion to consolidate Opposition Nos. 91203846,
91203866, 91203868, 91203873, 91203891, and 91203907, and to
suspend the consolidated proceedings pending disposition of
a civil action between the parties.

Telephone Conference

    On April 17, 2012, at approximately 11:00 a.m. EDT, the
Board exercised its discretion to conduct a telephone
conference to determine the outstanding motions.
Participating in the conference were Meichelle R. MacGregor,
counsel for opposer; Judith A. Powell, and James W. Faris,

Opposition Nos. 91203846, 91203866, 91203868, 91203873, 91203891 & 91203907

counsel for applicant; and the above-signed Board attorney
responsible for resolving interlocutory matters in this case.

Inasmuch as the conference was arranged prior to the
expiration of time in which opposer could file a written brief
in opposition to the motion, opposer was allowed time to
provide an oral brief and applicant was allowed time to
provide an oral reply.  Thereafter, the Board discussed the
substantive and procedural analysis of the issues presented by
the combined motion.  The Board presumes familiarity with the
issues, and for the sake of efficiency this order does not
summarize the parties' arguments in the written or oral
briefs.  Instead, this order lists the decisions made by the
Board after careful consideration of all arguments and
comments by the parties.

Change of Correspondence Address

Opposer's change of correspondence (filed April 17,
2012) address was noted.

Motion to Consolidate

Opposer did not contest the motion to consolidate.  In
view thereof, the motion to consolidate was granted, and
Opposition Nos. 91203846, 91203866, 91203868, 91203873,
91203891, and 91203907 were consolidated.  Fed. R. Civ. P.
42(a).  These proceedings may be presented on the same
record and briefs.  The Board file will be maintained in
Opposition No. 91203846 as the "parent" case.  The parties

Opposition Nos. 91203846, 91203866, 91203868, 91203873, 91203891 & 91203907

should no longer file separate papers in connection with each proceeding; only a single copy of each paper should be filed by the parties and each paper should bear the case caption as set forth above.[1]

Motion to Suspend

Opposer contested the motion to suspend. However, inasmuch as it is the policy of the Board to suspend proceedings when the parties are involved in a civil action which may be dispositive of or have a bearing on the Board case, applicant's motion to suspend was granted. Trademark Rule 2.117(a). Accordingly, the consolidated proceedings were suspended pending final disposition of the civil action between the parties.

Within thirty days after the final determination of the civil action, including the expiration of any time to appeal, the parties shall so notify the Board so that this case may be called up for any appropriate action (including, if appropriate, resetting the deadline for the parties' settlement and discovery conference; or, if opposer submits

---

[1] Opposer stated that it would likely file an amended notice of opposition in each case. However, in view of the suspension (see discussion, *infra*) opposer should not file amended notices of opposition until proceedings are resumed. When opposer does so, each amended notice of opposition should be filed separately in the corresponding proceeding (instead of *en masse* in the "parent" case). Similarly, each answer to an amended notice should be filed in the individual case to which the answer pertains. Inasmuch as proceedings were suspended prior to the expiration of the twenty-first day after answers were filed, the Board will permit opposer to amend the notices as a matter of course under Fed. R. Civ. P. 15(a)(1)(B) upon resumption of proceedings.

Opposition Nos. 91203846, 91203866, 91203868, 91203873, 91203891 & 91203907

amended notices of opposition concurrently with its notice of final disposition of the civil action, then the Board may set a deadline for applicant to file amended answers). During the suspension period the Board shall be notified of any address changes for the parties or their attorneys.

Related Applications

The Board is aware of applicant's application Serial Nos. 85471537 and 85471556 which are pleaded in the civil action complaint and which are scheduled to be published for opposition on April 24, 2012.  If opposer files notices of opposition against these applications, opposer must so inform the Board, and the Board may consider further consolidation of proceedings -even if the prospective oppositions are instituted during the civil action suspension period.[2]

---

[2] The suspension of the consolidated proceedings granted during the conference does not toll the time for opposer to either obtain extensions of time to oppose or file notices of opposition against application Serial Nos. 85471537 and 85471556.

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 1-800-FLOWERS.COM, INC., } | |
| } | |
| Plaintiff, } | No. 2:12-cv-01483-DRH-ARL |
| } | |
| v. } | Hon. Judge Denis R. Hurley |
| } | |
| EDIBLE ARRANGEMENTS, LLC, } | Magistrate Judge Arlene R. Lindsay |
| } | |
| Defendant. } | |
| } | |

## PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT EDIBLE ARRANGEMENTS, LLC

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff 1-800-Flowers.com, Inc. ("Plaintiff") hereby requests that Defendant Edible Arrangements, LLC ("Defendant") produce for inspection and copying, at the offices of Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street, NE, Suite 2800, Atlanta, Georgia 30309-4530, or at a location to which the parties mutually agree, within thirty (30) days after service hereof, the documents identified below.

## DEFINITIONS

Plaintiff incorporates by reference, as if fully set forth herein, the Definitions set forth in Plaintiff's First Set of Interrogatories to Defendant Edible Arrangements, LLC, served contemporaneously.

## INSTRUCTIONS

1.      Defendant is requested to produce all documents in its possession, custody, or control or the possession, custody, or control of any of Defendant's representatives, including persons consulted concerning any factual matters or matters of opinion relating to any of the facts or issues involved in this case; such persons shall include attorneys with whom Defendant

consulted unless Defendant claims such documents are privileged or otherwise protected.

2.     Each Document Request, and any portions, are to be responded to separately, but responses to one Document Request, or portion, may be incorporated by reference in responses to other Document Requests, or portions.

3.     All documents produced pursuant to these Document Requests must be produced either in separate groups of documents responsive to each separate request or in the form and order in which they were kept by Defendant in the ordinary course of business before being produced.

4.     Each Document Request—whether requesting memoranda, reports, letters, minutes, or other documents of any description—requires the production of the document in its entirety, including all pages and attachments or exhibits, without redaction or expurgation.

5.     These Document Requests are continuing in nature and require amendment or supplementation if Defendant or Defendant's attorneys later become aware of facts or documents that indicate that the response previously given was incorrect or incomplete.  If Defendant does not have all of the information or documents necessary to make a complete response to any Document Request, provide all documents available, state that the information is incomplete, identify the information needed to make a complete production of documents, and provide a supplemental production when the information or documents necessary to do so is obtained.

6.     The production of responsive documents should include electronically-stored information ("ESI"), including any metadata relating to such ESI.

7.     If Defendant withholds any documents otherwise discoverable under the Federal Rules of Civil Procedure by claiming that it is privileged communication, attorney work product, or otherwise protected from disclosure, Defendant must make the claim expressly and furnish a

log providing the following information with respect to each withheld document:

    a) The type of document (e.g., a letter, memorandum, note, etc.);

    b) The date of the document;

    c) The title of the document;

    d) The identity (including the job title, where available) of each individual who was an author, editor, addressee, or recipient of the document;

    e) A brief description of the subject matter of the document detailed enough to permit analysis of the basis on which it is being withheld; and

    f) A statement of the facts that constitute the basis of any claim of attorney-client privilege, work product, or other grounds for nondisclosure.

8.    Unless otherwise indicated herein, the geographic scope of these Document Requests is limited to the United States.

## DOCUMENT REQUESTS

1.    All documents concerning any dispute, demand, or actual or threatened litigation or administrative proceeding concerning Defendant's BERRY Marks or Defendant's BOUQUET Marks, including without limitation any cease-and-desist or demand letters, pleadings, court orders, and settlement agreements.

RESPONSE:


2.    All documents concerning Defendant's creation, selection, and clearance of each of Defendant's BERRY Marks and Defendant's BOUQUET Marks, including but not limited to documents concerning any investigation or search conducted by or on behalf of Defendant concerning the availability to use or register any of Defendant's BERRY Marks or Defendant's

BOUQUET Marks.

RESPONSE:


3.      All documents concerning Defendant's decision to apply for trademark

registrations for Defendant's BOUQUET Marks.

RESPONSE:


4.      All documents concerning Defendant's attempt to register with the U.S. Patent

and Trademark Office each of Defendant's BERRY Marks and Defendant's BOUQUET Marks.

RESPONSE:


5.      All documents concerning any consumer research (including focus groups,

surveys, tracking studies, consumer interviews, polls, etc.) conducted by or on behalf of

Defendant concerning any of Defendant's BERRY Marks or Defendant's BOUQUET Marks.

RESPONSE:


6.      All documents concerning any consumer research (including focus groups,

surveys, tracking studies, consumer interviews, polls, etc.) conducted by or on behalf of

Defendant concerning Defendant's customers.

RESPONSE:


7.      All documents concerning the creation, preparation, development, or placement of

advertising, marketing, or promotional materials bearing any of Defendant's BERRY Marks or

Defendant's BOUQUET Marks.

RESPONSE:


8.      Documents sufficient to identify the date on which Defendant first used each of Defendant's BERRY Marks and Defendant's BOUQUET Marks in connection with the sale or offer for sale of Products and, if applicable, documents sufficient to identify the dates when Defendant stopped using Defendant's BERRY Marks and Defendant's BOUQUET Marks in connection with the sale or offer for sale of Products.

RESPONSE:


9.      All documents concerning Defendant's decision to disclaim the term "BOUQUET" in U.S. Trademark Registration Nos. 3853513, 3704604, 3615353, 3543593, 3527515, 3527514, 3527505, 3527476, 3501786, 3501785, 3501782, 3501781, 3501780, 3499017, and 3503964, and U.S. Trademark Application Serial Nos. 85465696, 85465708, 85430124, 85379985, 85379998, 85375188, 85375237, 85359623, 85359600.

RESPONSE:


10.     All documents concerning Defendant's decision to register on the Supplemental Register U.S. Trademark Registration Nos. 4169485, 3815967, 3750846, 3694410, 3464761, 3396702, and 3393667.

RESPONSE:


11.     All documents concerning any license, assignment, consent, authorization, or

permission given to or by Defendant concerning use and/or ownership of Defendant's BERRY Marks and Defendant's BOUQUET Marks.

RESPONSE:


12.     All documents concerning the circumstances under which Defendant first became aware of Plaintiff's use of each of Plaintiff's FRUIT BOUQUETS Marks and Plaintiff's BOUQUET OF FRUITS Marks, including the date on which such awareness occurred.

RESPONSE:


13.     All documents concerning any inquiry regarding or suggestion of any connection of any type between Defendant's BERRY Marks and/or Defendant's BOUQUET Marks, or Products offered under Defendant's BERRY Marks and/or Defendant's BOUQUET Marks, on the one hand, and Plaintiff's FRUIT BOUQUETS Marks and/or Plaintiff's BOUQUET OF FRUITS Marks, or Products offered under Plaintiff's FRUIT BOUQUETS Marks and/or Plaintiff's BOUQUET OF FRUITS Marks, on the other hand.

RESPONSE:


14.     All non-privileged communications between Defendant and any Third Party concerning Plaintiff's FRUIT BOUQUETS Marks or Plaintiff's BOUQUET OF FRUITS Marks, or Products Plaintiff has sold or offered for sale under Plaintiff's FRUIT BOUQUETS Marks or Plaintiff's BOUQUET OF FRUITS Marks.

RESPONSE:

6

15.     All non-privileged communications between Defendant and any Third Party concerning this civil action, Defendant's Oppositions, or Plaintiff's Oppositions.

RESPONSE:


16.     All communications between Defendant, on the one hand, and Bouquet of Fruits, Inc. and/or The Gourmet Shopping Network, LLC, on the other hand, concerning Plaintiff's BOUQUET OF FRUITS Marks, Defendant's FRUQUET Mark, Defendant's BOUQUET Marks, or Defendant's BERRY Marks.

RESPONSE:


17.     All documents concerning communications between Defendant and Plaintiff from July 1, 2007 through the present concerning Plaintiff's or Defendant's businesses, marketing of fresh cut fruit arrangements, or possible business opportunities.

RESPONSE:


18.     All documents concerning or mentioning Plaintiff's FRUIT BOUQUETS Marks, or Products Plaintiff has sold or offered for sale under Plaintiff's FRUIT BOUQUETS Marks.

RESPONSE:


19.     All documents concerning Defendant's use of the term "Fruit Bouquets," including without limitation Defendant's use of the term to describe its Products, Defendant's use of the term as a trade name, trademark, domain name, or Product name, and Defendant's use and acquisition of the domain name fruitbouquets.net.

RESPONSE:


20.     All documents concerning or mentioning Plaintiff's BOUQUET OF FRUITS

Marks, or Products Plaintiff, Bouquet of Fruits, Inc., or The Gourmet Shopping Network, LLC

have sold or offered for sale under Plaintiff's BOUQUET OF FRUITS Marks, including without

limitation documents concerning or mentioning Plaintiff's BOUQUET OF FRUITS Marks prior

to Defendant's adoption of Defendant's FRUQUET Mark, Defendant's BOUQUET Marks, or

Defendant's BERRY Marks.

RESPONSE:


21.     All documents concerning Third Party marks of which Defendant is aware that

consist of or incorporate some variation of the term "Bouquet" in connection with Products

identical or similar to any of the Products offered by Defendant.

RESPONSE:


22.     Documents sufficient to identify each Person that Defendant may call as an expert

witness at any hearing or at the trial of this civil action, in connection with Defendant's

Oppositions, or in connection with Plaintiff's Oppositions.

RESPONSE:


23.     All documents that set forth the opinion of any experts engaged by Defendant in

connection with this civil action, in connection with Defendant's Oppositions, or in connection

with Plaintiff's Oppositions, including documents considered or examined by the expert(s),

whether or not such expert(s) actually will testify in these matters.

　　　RESPONSE:


　　　24.　　All documents Defendant may use as an exhibit at any hearing or at the trial of this civil action, or in connection with Defendant's Oppositions, or in connection with Plaintiff's Oppositions.

　　　RESPONSE:


　　　25.　　All documents supporting or concerning the allegation in Paragraph 12 of Defendant's Notices of Opposition filed in connection with Defendant's Oppositions, or that Defendant contends would support or concern such an allegation in this proceeding, that Defendant "will be damaged by the use and registration of [Plaintiff's FRUIT BOUQUETS Marks] by [Plaintiff] for [Plaintiff's] Goods and Services because persons in the relevant channel of trade and the public viewing [Plaintiff's] mark in its entirety with the Berry Design will mistakenly assume that [Plaintiff's] Goods and Services are associated, endorsed by, affiliated with, or in some other way related to or sponsored by [Defendant], to the detriment of [Defendant]."

　　　RESPONSE:


　　　26.　　All documents supporting or concerning the allegation in Paragraph 13 of Defendant's Notices of Opposition filed in connection with Defendant's Oppositions, or that Defendant contends would support or concern such an allegation in this proceeding, that Plaintiff's FRUIT BOUQUETS Marks consist of or comprise of marks which so resemble "a

mark or trade name previously applied for, used and now registered in the United States by another and not abandoned, as to be likely, when used on or in connection with [Plaintiff's] Goods, to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the [Plaintiff] and the [Plaintiff's] Goods with the [Defendant] and the [Defendant's] goods, or alternatively, to cause dilution of [Defendant's] Trademark."

RESPONSE:


27.    All documents supporting or concerning the allegation in Paragraph 14 of Defendant's Notices of Opposition filed in connection with Defendant's Oppositions, or that Defendant contends would support or concern such an allegation in this proceeding, that Defendant's BERRY Marks and Plaintiff's FRUIT BOUQUETS Marks "are confusingly similar in sight, sound, connotation and commercial impression."

RESPONSE:


28.    All documents relied upon or referred to by Defendant in responding to Plaintiff's First Set of Interrogatories to Defendant Edible Arrangements, LLC.

RESPONSE:


29.    All documents relied upon or referred to by Defendant in responding to Plaintiff's First Requests for Admission to Defendant Edible Arrangements, LLC.

RESPONSE:

10

|                               | /s/ Judith A. Powell                                          |
| :---------------------------- | :----------------------------------------------------------- |
| Dated:  August 14, 2012       | Judith A. Powell (admitted *pro hac vice*, Georgia           |
|                               | Bar No. 586125)                                              |

**Kilpatrick Townsend & Stockton LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Phone: (404) 815-6433
E-mail: jpowell@ktslaw.com

Thomas E. Plastaras (TP-3568)
**Gallagher, Walker, Bianco & Plastaras, LLP**
98 Willis Avenue
Mineola, NY 11502
Phone: (516) 248-2002
E-mail: tplastaras@@gwbplaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT EDIBLE ARRANGEMENTS, LLC was served on counsel for Respondents on August 14, 2012, via e-mail to mrm@cll.com, and via first class mail to:

Meichelle MacGregor
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799

/s/ Judith A. Powell
Judith A. Powell
Attorney for Plaintiff
1-800-Flowers.com, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 1-800-FLOWERS.COM, INC., } | |
| } | |
| Plaintiff, } | No. 2:12-cv-01483-DRH-ARL |
| } | |
| v. } | Hon. Judge Denis R. Hurley |
| } | |
| EDIBLE ARRANGEMENTS, LLC, } | Magistrate Judge Arlene R. Lindsay |
| } | |
| Defendant. } | |
| } | |

<u>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT EDIBLE ARRANGEMENTS, LLC**</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff 1-800-

Flowers.com, Inc. ("Plaintiff") hereby requests that Defendant Edible Arrangements, LLC

("Defendant") respond to the following Interrogatories, under oath and in writing, within thirty

(30) days after their service.

<u>**DEFINITIONS**</u>

1.      "Plaintiff" shall refer collectively to 1-800-Flowers.com, Inc., as well as 1-800-

Flowers.com, Inc.'s officers, directors, employees, partners, corporate parent, subsidiaries, or

affiliates.  This definition is not intended to impose a discovery obligation on any person who is

not a party to this litigation.

2.      "Defendant" shall refer collectively to Edible Arrangements, LLC, as well as

Edible Arrangements, LLC's officers, directors, employees, partners, corporate parent,

subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any

person who is not a party to the litigation.

3.       "Communication" means the transmittal of information (in the form of facts,

ideas, inquiries, or otherwise).

4.      "Document" is defined to be synonymous in meaning and equal in scope to the

usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.  A draft or non-identical copy is a separate document within the meaning of this term.

5.      "Identify" with respect to persons means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6.      "Identify" with respect to documents means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document, and (iv) author(s), addressee(s), and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Rule 33(d) of the Federal Rules of Civil Procedure.

7.      "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8.      "Third Party" includes both the singular and plural, and means any Person except any Person that is a party to this civil action.

9.      "Plaintiff's BOUQUET OF FRUITS Marks" means the BOUQUET OF FRUITS trademarks that are the subject of U.S. Trademark Registration Nos. 1733412, 3244359, and 3249239.

10.      "Plaintiff's FRUIT BOUQUETS Applications" means U.S. Trademark Application Serial Nos. 85311053, 85611131, 85311102, 85314779, 85314758, 85314733, 85471556, and 85471537.

11.     "Plaintiff's FRUIT BOUQUETS Marks" means the FRUIT BOUQUETS & Design trademarks that are the subject of the FRUIT BOUQUETS Applications.

12.     "Defendant's BERRY Marks" means the mark BERRY BOUQUET that is the subject of U.S. Trademark Registration No. 3429717, the mark BERRY TREE BOUQUET that is the subject of U.S. Trademark Registration No. 3429718, and the mark DIPPEDFRUIT.COM & Design that is the subject of U.S. Trademark Registration No. 3869223.

13.     "Defendant's BOUQUET Marks" means all of Defendant's BOUQUET-formative trademarks including, but not limited to, the trademarks that are the subject of U.S. Trademark Registrations Nos. 4169485, 3815967, 3853513, 3760678, 3750846, 3694410, 3704604, 3615353, 3527514, 3527515, 3543593, 3527505, 3527476, 3501785, 3501786, 3499017, 3501780, 3501781, 3501782, 3464761, 3503964, 3396702, 3429717, 3429718, 3393667, and 3296243, and U.S. Trademark Application Serial Nos. 85619383, 85619454, 85532032, 85465696, 85465708, 85430124, 85379985, 85379998, 85375188, 85375237, 85359623, 85359600.

14.     "Defendant's FRUQUET Mark" means the FRUQUET trademark that is the subject of U.S. Trademark Registration No. 3255559.

15.     "Defendant's Oppositions" means the six oppositions filed by Defendant against Plaintiff's FRUIT BOUQUETS Applications on February 13, 2012, and currently consolidated under Opposition No. 91203846.

16.     "Plaintiff's Oppositions" means the oppositions and extensions of time to oppose filed by Plaintiff against Defendant's BATTY BOUQUET trademark application (Opposition No. 91206347), HONEY BEAR BOUQUET trademark application (Opposition No. 91206346), SWEETHEART SWIZZLE BOUQUET trademark application (Opposition No. 91206345),

O'CANADA BOUQUET trademark application (Opposition No. 91206479), FIRST

MOMENTS BOUQUET trademark application (Serial No. 85465708), PRECIOUS ARRIVAL

BOUQUET trademark application (Serial No. 85465696), BABY'S SOFTEST MOMENTS

BOUQUET trademark application (Serial No. 85379985), BERRY CANADIAN BOUQUET

trademark application (Serial No. 85359600), and BABY'S SPECIAL MOMENTS BOUQUET

trademark application (Serial No. 85379998).

17.     "Product" refers to any good or service.

18.     "Concerning" means relating to, referring to, describing, evidencing, or

constituting.

19.     "All," "Any," and/or "Each" shall be construed as encompassing any and all.

20.     "And" and "Or" shall be construed either disjunctively or conjunctively as

necessary to bring within the scope of the discovery request all responses that might otherwise be

construed to be outside its scope.

21.     The use of the singular form of any word includes the plural and vice versa.

22.     The past tense shall be construed to include the present tense, and vice versa, to

make the discovery request inclusive rather than exclusive.

## INSTRUCTIONS

1.     Each Interrogatory, and sub-part, and the Definitions, are to be construed

independently and, unless so stated, not by or with reference to any other Interrogatory, sub-part,

or Definition, if such construction would limit the scope of any particular Interrogatory or the

subject matter.

2.     If any of these Interrogatories cannot be answered in full, Defendant is to answer

to the fullest extent possible, specifying the reason for Defendant's inability to answer the

4

remainder, and stating what information, knowledge, or belief Defendant has concerning the unanswered portion.  If exact dates, amounts, or other figures or facts are not known, but Defendant has information sufficient to make an approximate or estimated answer, make such answer and indicate it is an approximation or estimate because more precise information is not known to Defendant.

3.     These Interrogatories are continuing.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendant is under a duty to supplement, correct, or amend its responses to any of these Interrogatories if it learns that any response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Plaintiff during the discovery process or in writing.

4.     Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, if Defendant withholds information otherwise discoverable under the Federal Rules of Civil Procedure by claiming that it is a privileged communication, attorney work product, or otherwise protected from disclosure, Defendant must make the claim expressly and describe the nature of the communication or information not disclosed in a manner that, without revealing information itself privileged or protected, will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

5.     If any Interrogatory is unclear, please contact the undersigned counsel and, if possible, the Interrogatory will be clarified in a reply letter.  Any such reply letter may be treated as a modification of the Interrogatory.

6.     Unless otherwise indicated herein, the geographic scope of these Interrogatories is limited to the United States.

## INTERROGATORIES

1.      Identify any dispute, demand, or actual or threatened litigation or administrative proceeding concerning Defendant's BERRY Marks or Defendant's BOUQUET Marks, including describing the nature and disposition of any such dispute, demand, or actual or threatened litigation or administrative proceeding.

RESPONSE:


2.      Identify the Person(s) most knowledgeable about Defendant's creation, selection, and clearance of each of Defendant's BERRY Marks and Defendant's BOUQUET Marks, including describing each such Person's knowledge thereof.

RESPONSE:


3.      Describe the procedure by which Defendant selected each of Defendant's BERRY Marks and Defendant's BOUQUET Marks, including all steps taken by Defendant to determine whether each of Defendant's BERRY Marks and Defendant's BOUQUET Marks were available for use and registration before commencing use of, and applying to register, Defendant's BERRY Marks and Defendant's BOUQUET Marks, including but not limited to identifying any investigation or search that has been conducted.

RESPONSE:


4.      Identify the Person(s) most knowledgeable about any consumer research (including focus groups, surveys, tracking studies, consumer interviews, polls, etc.) conducted by or on behalf of Defendant concerning Defendant's customers or any of Defendant's BERRY

Marks or Defendant's BOUQUET Marks.

RESPONSE:

5.      Identify the Person(s) most knowledgeable about the creation, preparation, development, or placement of advertising, marketing, or promotional materials bearing any of Defendant's BERRY Marks or Defendant's BOUQUET Marks.

RESPONSE:

6.      Identify the Person(s) most knowledgeable about Defendant's sale or offer for sale of Products under each of Defendant's BERRY Marks and Defendant's BOUQUET Marks.

RESPONSE:

7.      Identify the date on which Defendant first used each of Defendant's BERRY Marks and Defendant's BOUQUET Marks in connection with the sale or offer for sale of Products and, if applicable, the dates when Defendant stopped using Defendant's BERRY Marks and Defendant's BOUQUET Marks in connection with the sale or offer for sale of Products.

RESPONSE:

8.      Describe the circumstances under which Defendant first became aware of use by Plaintiff of each of Plaintiff's FRUIT BOUQUETS Marks and use by Plaintiff, Bouquet of Fruits, Inc., or The Gourmet Shopping Network, LLC of each of Plaintiff's BOUQUET OF FRUITS Marks, including the date on which such awareness occurred.

RESPONSE:

7

9.      Describe any instance of which Defendant has actual or hearsay knowledge, directly or indirectly, of any inquiry regarding or suggestion of any connection of any type between Defendant's BERRY Marks and/or Defendant's BOUQUET Marks, or Products offered under Defendant's BERRY Marks and/or Defendant's BOUQUET Marks, on the one hand, and Plaintiff's FRUIT BOUQUETS Marks and/or Plaintiff's BOUQUET OF FRUITS Marks, or Products offered under Plaintiff's FRUIT BOUQUETS Marks and/or Plaintiff's BOUQUET OF FRUITS Marks, on the other hand, including identifying the Person(s) involved in any such instance, the date of such instance, and the manner in which the instance came to your attention.

RESPONSE:


10.     Identify each Person whom you intend to call as a witness in this proceeding, including describing with particularity the subjects upon which the witness is expected to testify, including the basis of any expert opinions.

RESPONSE:


11.     Identify each Third Party of which Defendant is aware that has used or is using a mark incorporating some variation of the term "Bouquet" in connection with Products identical or similar to any of the Products offered by Defendant.

RESPONSE:


12.     Describe the reason(s) Defendant disclaimed the term "BOUQUET" in U.S. Trademark Registration Nos. 3853513, 3704604, 3615353, 3543593, 3527515, 3527514,

3527505, 3527476, 3501786, 3501785, 3501782, 3501781, 3501780, 3499017, and 3503964, and U.S. Trademark Application Serial Nos. 85465696, 85465708, 85430124, 85379985, 85379998, 85375188, 85375237, 85359623, 85359600.

RESPONSE:


13.     Describe the reason(s) Defendant chose to register on the Supplemental Register U.S. Trademark Registration Nos. 4169485, 3815967, 3750846, 3694410, 3464761, 3396702, and 3393667.

RESPONSE:


14.     Identify each license, assignment, consent, authorization, or permission given to or by Defendant concerning use and/or ownership of Defendant's BERRY Marks and Defendant's BOUQUET Marks.

RESPONSE:


15.     Describe all facts that Defendant contends support the allegation in Paragraph 12 of Defendant's Notices of Opposition filed in connection with Defendant's Oppositions, or that Defendant contends would support such an allegation in this proceeding, that Defendant "will be damaged by the use and registration of [Plaintiff's FRUIT BOUQUETS Marks] by [Plaintiff] for [Plaintiff's] Goods and Services because persons in the relevant channel of trade and the public viewing [Plaintiff's] mark in its entirety with the Berry Design will mistakenly assume that [Plaintiff's] Goods and Services are associated, endorsed by, affiliated with, or in some other way related to or sponsored by [Defendant], to the detriment of [Defendant]."

9

RESPONSE:

16.     Describe all facts that Defendant contends support the allegation in Paragraph 13 of Defendant's Notices of Opposition filed in connection with Defendant's Oppositions, or that Defendant contends would support such an allegation in this proceeding, that Plaintiff's FRUIT BOUQUETS Marks consist of or comprise of marks which so resemble "a mark or trade name previously applied for, used and now registered in the United States by another and not abandoned, as to be likely, when used on or in connection with [Plaintiff's] Goods, to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the [Plaintiff] and the [Plaintiff's] Goods with the [Defendant] and the [Defendant's] goods, or alternatively, to cause dilution of [Defendant's] Trademark."

RESPONSE:

17.     Describe all facts that Defendant contends support the allegation in Paragraph 14 of Defendant's Notices of Opposition filed in connection with Defendant's Oppositions, or that Defendant contends would support such an allegation in this proceeding, that Defendant's BERRY Marks and Plaintiff's FRUIT BOUQUETS Marks "are confusingly similar in sight, sound, connotation and commercial impression."

RESPONSE:

18.     If Defendant's response to any of Plaintiff's First Requests for Admission, served contemporaneously herewith, is anything other than an unqualified admission, describe with particularity the factual basis for Defendant's denial, partial denial, or statement that Defendant

is unable to admit or deny, as the case may be, and if Defendant's response to such Request for Admission is that Defendant is unable to admit or deny due to lack of information or knowledge, describe in detail what efforts Defendant made to attempt to respond to the Request for Admission and why the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny the Request for Admission.

RESPONSE:

|  |  |
|---|---|
|  | /s/ Judith A. Powell |
| Dated:  August 14, 2012 | Judith A. Powell (admitted *pro hac vice*, Georgia Bar No. 586125) **Kilpatrick Townsend & Stockton LLP** 1100 Peachtree Street, Suite 2800 Atlanta, GA 30309 Phone: (404) 815-6433 E-mail: jpowell@ktslaw.com |

Thomas E. Plastaras (TP-3568)
**Gallagher, Walker, Bianco & Plastaras, LLP**
98 Willis Avenue
Mineola, NY 11502
Phone: (516) 248-2002
E-mail: tplastaras@@gwbplaw.com

*Attorneys for Plaintiff*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT EDIBLE ARRANGEMENTS, LLC was served on counsel for Respondents on August 14, 2012, via e-mail to mrm@cll.com, and via first class mail to:

> Meichelle MacGregor
> Cowan, Liebowitz & Latman, P.C.
> 1133 Avenue of the Americas
> New York, NY 10036-6799

/s/ Judith A. Powell
Judith A. Powell
Attorney for Plaintiff
1-800-Flowers.com, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 1-800-FLOWERS.COM, INC., }<br><br>    Plaintiff, }<br><br>v. }<br><br>EDIBLE ARRANGEMENTS, LLC, }<br><br>    Defendant. } | No. 2:12-cv-01483-DRH-ARL<br><br>Hon. Judge Denis R. Hurley<br><br>Magistrate Judge Arlene R. Lindsay |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT EDIBLE ARRANGEMENTS, LLC

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff 1-800-Flowers.com, Inc. ("Plaintiff") hereby requests that Defendant Edible Arrangements, LLC ("Defendant") admit the following on or within thirty (30) days after service of these requests.

## DEFINITIONS

Plaintiff incorporates by reference, as if fully set forth herein, the Definitions set forth in Plaintiff's First Set of Interrogatories to Defendant Edible Arrangements, LLC, served contemporaneously.

## INSTRUCTIONS

1.     Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant is instructed to admit the truth of the following matters, or so much of the matter as is true, responding separately to each request and each subpart of each request.  If a matter is not admitted, Defendant must specifically deny it or state in detail the reasons why it cannot truthfully admit or deny the matter.  If Defendant needs to qualify or deny one part of the matter, it should specify which part of the matter is true and quality or deny the remainder.  Defendant may not give lack of information or knowledge as a reason for the failure to admit or deny,

unless Defendant states it has made a reasonable inquiry and the information known or readily obtainable by it is insufficient to enable it to admit or deny the matter.

2.      The following Requests for Admission are continuing in nature and require amendment or supplementation if Defendant or its attorneys later become aware of facts, documents, or information indicating that the response previously given was incorrect or incomplete.

## REQUESTS FOR ADMISSION

1.      Plaintiff's primary house mark, 1-800-FLOWERS.COM, is famous.

RESPONSE:


2.      As of December 31, 1987, Defendant had not used any of Defendant's BERRY Marks in commerce.

RESPONSE:


3.      As of Defendant 31, 1987, Defendant had not used any of Defendant's BOUQUET Marks in commerce.

RESPONSE:


4.      Defendant has no documents evidencing its use of any of Defendant's BERRY Marks in commerce prior to Defendant 31, 1987.

RESPONSE:


5.      Defendant has no documents evidencing its use of any of Defendant's

BOUQUET Marks in commerce prior to Defendant 31, 1987.

    <u>RESPONSE</u>:


6.    Plaintiff's predecessor in interest had prior and superior rights in Plaintiff's BOUQUET OF FRUITS Marks at the time Defendant adopted and first used Defendant's BERRY Marks.

    <u>RESPONSE</u>:


7.    Plaintiff's predecessor in interest had prior and superior rights in Plaintiff's BOUQUET OF FRUITS Marks at the time Defendant adopted and first used Defendant's BOUQUET Marks.

    <u>RESPONSE</u>:


8.    For U.S. Trademark Registration Nos. 3853513, 3704604, 3615353, 3543593, 3527515, 3527514, 3527505, 3527476, 3501786, 3501785, 3501782, 3501781, 3501780, 3499017, and 3503964, and U.S. Trademark Application Serial Nos. 85465696, 85465708, 85430124, 85379985, 85379998, 85375188, 85375237, 85359623, 85359600, Defendant disclaimed the exclusive right to use "Bouquet" apart from the mark as shown in those registrations and applications.

    <u>RESPONSE</u>:


9.    For U.S. Trademark Registration Nos. 4169485, 3815967, 3750846, 3694410, 3464761, 3396702, and 3393667, Defendant conceded the merely descriptive nature of the

"Bouquet" term by electing to register those marks on the Supplemental Register.

RESPONSE:


10.     Defendant is unaware of any inquiry regarding or suggestion of any connection of any type between Defendant's BERRY Marks and/or Defendant's BOUQUET Marks, or Products offered under Defendant's BERRY Marks and/or Defendant's BOUQUET Marks, on the one hand, and Plaintiff's FRUIT BOUQUETS Marks and/or Plaintiff's BOUQUET OF FRUITS Marks, or Products offered under Plaintiff's FRUIT BOUQUETS Marks and/or Plaintiff's BOUQUET OF FRUITS Marks, on the other hand.

RESPONSE:


11.     Defendant was aware of one or more of Plaintiff's BOUQUET OF FRUITS Marks at the time Defendant adopted and first used Defendant's BERRY Marks.

RESPONSE:


12.     Defendant was aware of one or more of Plaintiff's BOUQUET OF FRUITS Marks at the time Defendant adopted and first used Defendant's BOUQUET Marks.

RESPONSE:


13.     Defendant was aware of one or more of Plaintiff's BOUQUET OF FRUITS Marks at the time Defendant filed trademark applications with the U.S. Patent and Trademark Office to register one or more of Defendant's BERRY Marks.

RESPONSE:

14.     Defendant was aware of one or more of Plaintiff's BOUQUET OF FRUITS

Marks at the time Defendant filed trademark applications with the U.S. Patent and Trademark

Office to register one or more of Defendant's BOUQUETS Marks.

RESPONSE:

|  |  |
|---|---|
| | /s/ Judith A. Powell |
| Dated:  August 14, 2012 | Judith A. Powell (admitted *pro hac vice*, Georgia Bar No. 586125) |

**Kilpatrick Townsend & Stockton LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Phone: (404) 815-6433
E-mail: jpowell@ktslaw.com

Thomas E. Plastaras (TP-3568)
**Gallagher, Walker, Bianco & Plastaras, LLP**
98 Willis Avenue
Mineola, NY 11502
Phone: (516) 248-2002
E-mail: tplastaras@@gwbplaw.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing PLAINTIFF'S FIRST REQUESTS FOR

ADMISSION TO DEFENDANT EDIBLE ARRANGEMENTS, LLC was served on counsel for

Respondents on August 14, 2012, via e-mail to mrm@cll.com, and via first class mail to:

> Meichelle MacGregor
> Cowan, Liebowitz & Latman, P.C.
> 1133 Avenue of the Americas
> New York, NY 10036-6799

<u>/s/ Judith A. Powell</u>
Judith A. Powell
Attorney for Plaintiff
1-800-Flowers.com, Inc.
